IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CARLOS CAREY, #245 045, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:20-CV-244-MHT |
| ) | [WO] |
| DIRECTOR OF CENTRAL RECORDS, ) | |
| *et al*., ) | |
| ) | |
|     Defendants. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Fountain Correctional Facility in Atmore, Alabama, files this 42 U.S.C. § 1983 alleging prison officials have failed to properly calculate his term of imprisonment. Plaintiff states he is not seeking sentence credits—which he maintains he is entitled to—but damages for being held past his sentence expiration date. Upon review, the court concludes that dismissal of this case prior to service of process is appropriate under the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

## **I. DISCUSSION**

**A.**     **Standard of Review Under 28 U.S.C. § 1915(e)(2)(B)**

Because Plaintiff is proceeding *in forma pauperis* (Doc. 4), the court reviews his complaint under 28 U.S.C. § 1915(e)(2)(B).[1] Under § 1915(e)(2)(B), a court must dismiss a complaint proceeding *in forma pauperis* if it determines that an action is frivolous, malicious, fails to state a

---

[1] The predecessor to this section is 28 U.S.C. § 1915(d). Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in *Neitzke v. Williams*, 490 U.S. 319 (1989), was unaltered. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001); *Brown v. Bargery*, 207 F.3d 863, 866 n.4 (6th Cir. 2000). However, dismissal under § 1915(e)(2)(B) is now mandatory. *Bilal*, 251 F.3d at 1348-49.

claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A claim is frivolous if it "lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim is frivolous as a matter of law where, among other things, the defendants are immune from suit, *id*. at 327, the claim seeks to enforce a right that clearly does not exist, *id*., or an affirmative defense would defeat the claim such as the statute of limitations, *Clark v. Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990).  Courts are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Neitzke*, 490 U.S. at 327.

   A complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A review on this ground is governed by the same standards as dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations should present a "'plain

statement' possess[ing] enough heft to 'show that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. When a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones*, 549 U.S. at 215.

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). However, they "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. And a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla*., 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662 (2009). While, the court treats factual allegations as true, it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*, 566 U.S. at 681. Finally, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

**B.     The Complaint**

Plaintiff states he was sentenced to fifteen years imprisonment on an arson conviction but has served almost seventeen years in prison. According to Plaintiff, he is entitled to credit on a sentence directed to run concurrently with his arson conviction. Officials with the Alabama Department of Corrections, however, have failed to review this issue and ignored state court rulings granting Plaintiff's motions for credit for time served. Doc. 1.

The claim presented by Plaintiff—which challenges the fundamental legality of his confinement—is not cognizable in a § 1983 action at this time. *Heck v. Humphrey*, 512 U.S. 477

(1994); *Edwards v. Balisok*, 520 U.S. 641 (1997).  In *Heck*, the Supreme Court held that a claim for damages challenging the legality of a prisoner's confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the . . . sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed.  512 U.S. at 489.  The Court emphasized that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Id*. at 481.  The Court concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983.  *Id*.  The Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court further determined that a prisoner's "claim for declaratory relief and[/or] money damages" that necessarily implies the invalidity of the action taken against the prisoner "is not cognizable under § 1983" unless such action has previously been overturned.  520 U.S. at 648.  The Court determined this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id*. at 645.  When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an immediate or earlier release, his sole federal remedy is a writ of habeas corpus.  *Id*. at 648; *see also Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). The Court "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Balisok*, 520 U.S. at 649.

Since granting relief on Plaintiff's claim would affect the length of his sentence, his claim properly sounds in habeas corpus and is not actionable as a section 1983 claim. *See Preiser,* 411

4

U.S. at 487–89 (holding habeas corpus is the appropriate remedy for challenges to credits that shorten the length of a prisoner's confinement.); *see also Wilson v. State*, 981 So.2d 441, 442 (Ala. Crim. App. 2007) (" 'A petition for a writ of habeas corpus is the proper method by which to test whether the State has correctly calculated the time an inmate must serve in prison... Section 15–18–5, Ala. Code 1975, requires that a convicted person be "credited with all of his actual time spent incarcerated pending trial for such offense. The actual time spent incarcerated pending trial shall be certified by the circuit clerk or district clerk on forms to be prescribed by the Board of Corrections." ' "). The court, therefore, concludes that Plaintiff's complaint is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) as the claim presented is not cognizable in a § 1983 action at this time  *See Balisok*, 520 U.S. at 645-646; *Heck,* 512 U.S. at 487; *Preiser*, 411 U.S. at 488-490.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this 42 U.S.C. § 1983 action be DISMISSED without prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(ii).

It is

ORDERED that **on or before May 1, 2020**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on

appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 17th day of April 2020.

    /s/    Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE