IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| CARLOS CAREY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:20cv244-MHT |
| ) | (WO) |
| ADOC DIRECTOR OF CENTRAL ) | |
| RECORDS, et al., ) | |
| ) | |
| Defendants. ) | |

OPINION

Pursuant to 42 U.S.C. § 1983, plaintiff, a state prisoner, filed this lawsuit claiming that he had been denied proper credit for time served and as a result was stuck in prison beyond his sentence expiration date. The United States Magistrate Judge entered a recommendation that plaintiff's case be dismissed as not presenting a viable claim under § 1983. In lieu of filing an objection to the magistrate judge's recommendation, plaintiff filed a motion to amend the complaint, which the magistrate judge denied. Plaintiff then filed a motion to reconsider the denial

of the motion to amend. The recommendation and the motion to reconsider the denial of the motion to amend are now before the court. For the reasons set forth below, the court concludes that the motion to reconsider the denial of the motion to amend should be denied with one exception. The court will accede to plaintiff's request in his motion to amend to dismiss his original complaint. As a result, the court will withdraw the recommendation instead of adopting it.

As the magistrate judge explains: In his complaint, "Plaintiff states he was sentenced to fifteen years imprisonment on an arson conviction but has served almost seventeen years in prison. According to Plaintiff, he is entitled to credit on a sentence directed to run concurrently with his arson conviction. Officials with the Alabama Department of Corrections, however, have failed to review this issue and ignored state court rulings granting Plaintiff's motions for credit for time served." Report and Recommendation

(doc. no. 5) at 3. The magistrate judge recommended that the complaint be dismissed because, under *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Edwards v. Balisok*, 520 U.S. 641 (1997), plaintiff's suit could not be brought until the underlying sentence was overturned.

Plaintiff responded by filing a motion to amend the complaint. *See* Motion to Amend (doc. no. 6). In the motion, he stated that he sought "to dismiss previous suit and to amend [his] pleading." *Id*. at 1. Plaintiff explained that he had attempted to file a habeas petition in several courts in Alabama to challenge the denial of credit for time served, and that each court had mailed the petition back to him with a note to file the petition in the sentencing county, which is Jefferson County. Jefferson County, in turn, "stated that the habeas should [have] been filed in the county that [he is] ... in prison in" despite the fact that he mailed his habeas petition to Jefferson County with the notes from the other court

3

attached.  *Id*. at 1-2.  This series of actions, he contended, left him without a remedy in law.  He further stated that "access to relief from the courts state and federal has been shut off and blocked for plaintiff," and that he was "being denied equal protection of laws."  *Id*. at 2.  He asked to amend the complaint to "only include this amendment and against defendants Steve Marshall and Danny Carr," who are, respectively, Alabama's Attorney General and the Jefferson County District Attorney  *Id*.  As relief, he requested "the right to have a habeas corpus heard and reviewed by a state court in Alabama so that remedies can be exhausted by plaintiff and the federal habeas process is open to plaintiff."  *Id*. at 2.

The magistrate judge viewed plaintiff's motion as an effort to convert his complaint into a habeas corpus petition, and accordingly denied it.  *See* Order (doc. no. 7).  Plaintiff then moved the court to reconsider the magistrate judge's denial of the motion to amend,

4

arguing that he had not sought to convert his complaint into a habeas petition, and asking that the court allow the originally requested amendment.

Courts should "freely" grant motions to amend "when justice so requires." Fed. R. Civ. P. 15(a). However, where amendment would be futile, motions to amend may be denied. *See Fla. Evergreen Foliage v. E.I. DuPont De Nemours & Co.*, 470 F.3d 1036, 1041 (11th Cir.2006). An amendment would be futile "when the complaint as amended is still subject to dismissal." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir.2004).

While plaintiff's original motion to amend was not entirely clear, in light of plaintiff's motion to reconsider, the court views it as seeking to bring two claims: a Sixth Amendment claim for denial of access to courts and a claim for violation of equal protection. The court concludes that allowing amendment to raise either claim would likely be futile.

First, plaintiff has not alleged facts supporting

5

an equal protection claim against the defendants he seeks to name--Alabama's Attorney General and the Jefferson County District Attorney.  Plaintiff has not put forth any facts suggesting that these individuals treated him differently than other similarly situated people, on the basis of his race, gender, religion, or other suspect classification, or without any rational basis.  *See Gary v. City of Warner Robins, Ga.*, 311 F.3d 1334, 1337 (11th Cir. 2002) ("The Equal Protection Clause requires that the government treat similarly situated persons in a similar manner.").  Indeed, it is not clear how these individuals could be held responsible for the actions of the clerks of court in failing to file his habeas petition.

Plaintiff's proposed access-to-courts claim is also likely futile.  To state such a claim, the plaintiff must show an actual injury from the claimed denial of access caused by the defendants.  *See Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir. 1998).

6

Here, as noted above, plaintiff has not indicated how the individuals he wishes to sue are responsible for his difficulty in filing his habeas petition. Moreover, the plaintiff is unlikely to be able to show actual injury, because, as review of the state court's filing system shows, he finally succeeded in filing his habeas petition in Alabama state court. *See* Carlos Carey #245045 v. Alabama Department of Corrections, CV-2020-240 (Montgomery County Circuit Court) (case transferred to Escambia County Circuit Court on June 16, 2020). Accordingly, the motion to amend will be denied as futile.

In his original motion to amend, plaintiff asked to dismiss his original claim. Because the defendant has not yet answered, the court will grant plaintiff's request to dismiss his complaint voluntarily and without penalty.

An appropriate judgment will be entered.

DONE, this the 16th day of November, 2020.

                                   /s/ Myron H. Thompson
                              **UNITED STATES DISTRICT JUDGE**